J-S39031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LAURA J. MCCLEARY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROGER L. MCCLEARY | No. 1457 WDA 2016 |

Appeal from the Order Entered September 27, 2016
In the Court of Common Pleas of Clarion County
Civil Division at No(s): 549 C.D. 2012

BEFORE:  BENDER, P.J.E., BOWES, AND STRASSBURGER,* JJ.

DISSENTING STATEMENT BY BOWES, J.:          **FILED SEPTEMBER 27, 2017**

While I agree with the majority's conclusion that the trial court erred in mentioning Laura J. McCleary's act of domestic violence against Roger L. McCleary ("Husband") in explaining its decision to deny her request for counsel fees, I believe that the error was harmless.  Hence, I would affirm the order denying relief.

As the majority accurately explains, in **Teodorski v. Teodorski**, 857 A.3d 194, 201 (Pa.Super. 2004), this Court reiterated the ensconced framework for trial courts to consider requests for counsel fees concomitant with equitable distribution.  Stated plainly, counsel fees are awarded based primarily on a party's showing of need in light of his or her resources, including the property gained during equitable distribution, the payor's

* Retired Senior Judge assigned to the Superior Court.

ability to pay, and the value of the legal services rendered. *Id*. at 201. Instantly, the trial court's determination included all of the relevant components but added an extraneous reference to Wife's misconduct. While the trial court's reflection upon Wife's behavior is undeniably improper under *Teodorski*, *supra*, from my perspective, Wife failed to establish that the error was harmful. *See Harman ex rel. Harman v. Borah*, 756 A.2d 1116, 1122 (Pa. 2000) (not all trial errors constitute reversible error; rather, complaining party must demonstrate that error was harmful).

Essentially, I disagree with the majority's characterization of the trial court's explanation of its decision to deny counsel fees. While the majority concludes that the trial court "bas[ed] its fee determination in part upon an impermissible factor," I believe that the trial court's analysis is more nuanced. Majority memorandum at 10. The trial court explained its rationale as follows:

> "Counsel fees are awarded only upon a showing of need." *Teodorski v. Teodorski*, 857 A.2d 194, 201 (Pa. Super. Ct. 2004) (quotation omitted). [Wife's] argument in support of this exception consists primarily of an assertion that [Husband's] superior financial position entitles her to the payment of attorney's fees. The Master reasonably found that **[Wife] did not present a showing of need**, which is the relevant inquiry as to counsel fees, rather than solely [Husband's] ability to pay. Moreover, the Court's review of the record and Master's report supports the Master's conclusion that [Husband] should not have to pay [Wife] counsel fees, which significantly exceed his own, due to his already existing obligation to pay his own attorney's fees and all of the Master's costs, as well as [Wife's] wrongdoing in perpetrating an act of domestic violence upon Defendant. Therefore, this exception will be denied.

- 2 -

Trial Court Opinion and Order, 8/31/16, at 3 (emphasis added).

From my perspective of the foregoing excerpt, it is obvious that the trial court's decision did not turn upon Wife's alleged misconduct. Rather, the trial court specifically addressed all of the appropriate factors discussed in *Teodorski*, and concluded that "[t]he Master reasonably found that [Wife] did not present a showing of need, **which is the relevant inquiry** as to counsel fees[.]" *Id*. (emphasis added). Only then, after making the relevant inquiry, noting Husband's obligation to satisfy the Master's costs, and recognizing the substantial difference between the amount of the parties' respective legal fees, did the court add the errant reference to Wife's "wrongdoing" in its summation of the factors. *Id*. While Wife certainly established that the reference was improper, she failed to prove the attendant harm. Indeed, she neglected to assert any argument t that the court's misstep was, in fact, prejudicial. Thus, for all of the foregoing reasons, I believe that the trial court's superfluous statement regarding Wife's prior transgression was harmless.